UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY HANNA and SHARON HANNA,

                              NO. CIV. S-07-798 LKK/KJM

       Plaintiffs,

    v.

MAYTAG CORPORATION,
WHIRLPOOL CORPORATION and
JOHN ANDERSON (dba Anderson's
Maytag"),

       Defendants.

_____/

## STATUS (PRETRIAL SCHEDULING) CONFERENCE

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in Chambers on July 2, 2007. PHILIP A. FANT

1

1  appeared telephonically as counsel for plaintiffs; BRUCE NYE
2  appeared telephonically as counsel for defendants.  After hearing,
3  the court makes the following findings and orders:

4  **SERVICE OF PROCESS**

5  All parties defendant have been served and no further service
6  is permitted except with leave of court, good cause having been
7  shown.

8  **JOINDER OF PARTIES/AMENDMENTS**

9  No further joinder of parties or amendments to pleadings is
10 permitted except with leave of court, good cause having been shown.
11 See <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir.
12 1992).

13 **JURISDICTION/VENUE**

14 Jurisdiction is predicated upon 28 U.S.C. § 1332, is
15 undisputed and is hereby found to be proper, as is venue.

16 **FICTITIOUSLY-NAMED DEFENDANTS**

17 This action, including any counterclaims, cross-claims, and
18 third-party complaints is hereby DISMISSED as to all DOE or other
19 fictitiously-named defendants.

20 **MOTION HEARING SCHEDULES**

21 All law and motion except as to discovery is left open, save
22 and except that it shall be conducted so as to be completed by
23 March 31, 2008.  The word "completed" in this context means that
24 all law and motion matters must be **heard** by the above date.
25 Because this date is not necessarily a date previously set aside
26 for law and motion hearings, it is incumbent upon counsel to

1    contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,

2    sufficiently in advance so as to ascertain the dates upon which law

3    and motion will be heard and to properly notice its motion for

4    hearing before that date.  Counsel are cautioned to refer to Local

5    Rule 78-230 regarding the requirements for noticing such motions

6    on the court's regularly scheduled law and motion calendar.

7    **Opposition or statement of non-opposition to all motions shall be**

8    **filed not later than 4:30 p.m. fourteen (14) days preceding the**

9    **hearing date, or by proof of service by mail not less than**

10    **seventeen (17) days preceding the hearing date.**  This paragraph

11    does not preclude motions for continuances, temporary restraining

12    orders or other emergency applications, and is subject to any

13    special scheduling set forth in the "MISCELLANEOUS PROVISIONS"

14    paragraph below.

15        At the time of filing a motion, opposition, or reply, counsel

16    are directed to email a copy in word processing format to lkk-

17    pleadings@caed.uscourts.gov.

18        The parties should keep in mind that the purpose of law and

19    motion is to narrow and refine the legal issues raised by the case,

20    and to dispose of by pretrial motion those issues that are

21    susceptible to resolution without trial.  To accomplish that

22    purpose, the parties need to identify and fully research the issues

23    presented by the case, and then examine those issues in light of

24    the evidence gleaned through discovery.  If it appears to counsel

25    after examining the legal issues and facts that an issue can be

26    resolved by pretrial motion, counsel are to file the appropriate

1  motion by the law and motion cutoff set forth <u>supra</u>.

2  **Unless prior permission has been granted, memoranda of law in**
3  **support of and in opposition to motions are limited to thirty (30)**
4  **pages, and reply memoranda are limited to fifteen (15) pages.  The**
5  **parties are also cautioned against filing multiple briefs to**
6  **circumvent this rule.**

7  Where the parties bring motions for summary judgment, the
8  court will deem facts which are apparently undisputed as undisputed
9  under Fed. R. Civ. P. 56(d), unless specifically reserved and that
10 party tenders evidence to support the reservation.

11 <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
12 MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE
13 VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.  COUNSEL ARE CAUTIONED
14 THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT
15 BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND
16 MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,
17 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO
18 TIMELY FILE AN APPROPRIATE MOTION.

19 Counsel are further reminded that motions in limine are
20 procedural devices designed to address the admissibility of
21 evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
22 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS
23 IN LIMINE  AT THE TIME OF TRIAL.

24 **DISCOVERY**

25 No modifications of the discovery requirements found in the
26 Federal Rules is ordered.

4

1    All discovery is left open, save and except that it shall be
2    so conducted as to be <u>completed</u> by January 30, 2008.  The word
3    "completed" means that all discovery shall have been conducted so
4    that all depositions have been taken and any disputes relative to
5    discovery shall have been resolved by appropriate order if
6    necessary and, where discovery has been ordered, the order has been
7    complied with.  Motions to compel discovery must be noticed on the
8    magistrate judge's calendar in accordance with the local rules of
9    this court and so that such motions will be heard not later than
10   December 30, 2007.  In this regard, all counsel are to designate
11   in writing and file with the court and serve upon all other parties
12   a final list of the names of all experts that they propose to
13   tender at trial not later than sixty (60) days before the close of
14   discovery herein established.  At the time of designation, all
15   experts shall submit a written report.  The contents of the report
16   must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).  All
17   experts so designated are to be fully prepared to render an
18   informed opinion at the time of <u>designation</u> so that they may fully
19   participate in any deposition taken by the opposing party.  Experts
20   will not be permitted to testify at the trial as to any information
21   gathered or evaluated, or opinion formed, after deposition taken
22   subsequent to designation.

23   An expert witness not appearing on said lists will not be
24   permitted to testify unless the party offering the witness
25   demonstrates: (a) that the necessity of the witness could not have
26   been reasonably anticipated at the time the lists were exchanged;

1  (b) the court and opposing counsel were promptly notified upon

2  discovery of the witness; and (c) that the witness was promptly

3  proffered for deposition.

4      **MID-LITIGATION STATEMENTS**

5      Not later than fourteen (14) days prior to the close of

6  discovery, all parties shall file with the court and serve on all

7  other parties a brief statement summarizing all law and motion

8  practice heard by the court as of the date of the filing of the

9  statement, whether the court has disposed of the motion at the time

10  the statement is filed and served, and the likelihood that any

11  further motions will be noticed prior to the close of law and

12  motion.  The filing of this statement shall not relieve the parties

13  or counsel of their obligation to timely notice all appropriate

14  motions as set forth above.

15      **FINAL PRETRIAL CONFERENCE**

16      The Final Pretrial Conference is **SET** for June 30, 2008, at

17  3:30 p.m.  Counsel are cautioned that counsel appearing for

18  Pretrial will in fact try the matter.

19      Counsel for all parties are to be fully prepared for trial at

20  the time of the Pretrial Conference, with no matters remaining to

21  be accomplished except production of witnesses for oral testimony.

22  Counsel are referred to Local Rules 40-280 and 16-281 relating to

23  the contents of and time for filing Pretrial Statements.  In

24  addition to those subjects listed in Local Rule 16-281(b), the

25  parties are to provide the court with a plain, concise statement

26  which identifies every non-discovery motion tendered to the court,

1  and its resolution.   A FAILURE TO COMPLY WITH LOCAL RULES 40-280

2  AND 16-281 WILL BE GROUNDS FOR SANCTIONS.

3       The parties shall file Separate Pretrial Statements, the

4  contents and timing of which are set forth in Local Rule 16-281,

5  except that the parties are to prepare a JOINT STATEMENT with

6  respect to the undisputed facts and disputed factual issues of the

7  case.  See Local Rule 16-281(b)(3), (4), and (6).  The parties are

8  reminded to include in their joint statement all disputed and

9  undisputed special factual information as required by Local Rule

10 16-281(b)(6).

11      The undisputed facts and disputed factual issues are to be set

12 forth in two separate sections.   In each section, the parties

13 should identify first the general facts relevant to all causes of

14 action.   After identifying the general facts, the parties should

15 then identify those facts which are relevant to each separate cause

16 of action.   In this regard, the parties are to number each

17 individual fact or factual issue.  Where the parties are unable to

18 agree as to what factual issues are properly before the court for

19 trial, they should nevertheless list in the section on "DISPUTED

20 FACTUAL ISSUES" all issues asserted by any of the parties and

21 explain by parenthetical the controversy concerning each issue.

22 Each individual disputed fact or factual issue shall include the

23 following introductory language:  "Whether or not . . . ."  The

24 parties should keep in mind that, in general, each fact should

25 relate or correspond to an element of the relevant cause of action.

26 Notwithstanding the provisions of Local Rule 16-281, the Joint

1   Statement of Undisputed Facts and Disputed Factual Issues is to be

2   filed with the court concurrently with the filing of plaintiff's

3   Pretrial Statement.  If the case is tried to a jury, the undisputed

4   facts will be read to the jury.

5       Pursuant to Local Rule 16-281(b)(10) and (11), the parties are

6   required to provide in their Pretrial Statements a list of

7   witnesses and exhibits that they propose to proffer at trial, no

8   matter for what purpose.  These lists shall <u>not</u> be contained in the

9   Pretrial Statement itself, but shall be attached as separate

10  documents to be used as addenda to the Final Pretrial Order.

11  Plaintiff's exhibits shall be listed **numerically**; defendant's

12  exhibits shall be listed **alphabetically**.  In the event that the

13  alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,

14  3A-3Z, etc."  The Pretrial Order will contain a stringent standard

15  for the proffering of witnesses and exhibits at trial not listed

16  in the Pretrial Order.  Counsel are cautioned that the standard

17  will be strictly applied.  On the other hand, the listing of

18  exhibits or witnesses which counsel do not intend to call or use

19  will be viewed as an abuse of the court's processes.

20      Pursuant to Local Rule 16-281(b)(12), a party is required to

21  provide a list of all answers to interrogatories and responses to

22  requests for admission that the party expects to offer at trial.

23  This list should include only those documents or portions thereof

24  which the party expects to offer in its case-in-chief.  Unless

25  otherwise barred by a rule of evidence or order of this court, the

26  parties remain free to tender appropriate discovery documents

8

1   during trial for such purposes as, but not limited to, impeachment

2   or memory refreshment.

3      Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial

4   Statements shall contain a "statement of legal theory, etc." Each

5   party shall commence this section by specifying as to each claim

6   whether federal or state law governs, and if state law, the state

7   whose law is applicable.

8      Counsel are also reminded that, pursuant to Fed. R. Civ. P.

9   16, it will be their duty at the Pretrial Conference to aid the

10   court in (a) formulation and simplification of issues and the

11   elimination of frivolous claims or defenses; (b) settling of facts

12   which should be properly admitted; and (c) the avoidance of

13   unnecessary proof and cumulative evidence. Counsel must prepare

14   their Pretrial Statements, and participate in good faith at the

15   Pretrial Conference, with these aims in mind. A FAILURE TO DO SO

16   MAY RESULT IN THE IMPOSITION of SANCTIONS which may include

17   monetary sanctions, orders precluding proof, eliminations of claims

18   or defenses, or such other sanctions as the court deems

19   appropriate.

20      **TRIAL SETTING**

21      Trial is **SET** for September 30, 2008, at 10:30 a.m. Trial will

22   be by jury. The parties represent in good faith that the trial

23   will take approximately five (5) days.

24      **SETTLEMENT CONFERENCE**

25      A Settlement Conference will be set before the trial judge

26   at the time of the Pretrial Conference.

1   All parties have stipulated to the trial judge acting as
2   settlement judge and have waived disqualification by virtue
3   thereof.

4   Counsel are cautioned to have a principal capable of
5   disposition present at the Settlement Conference or to be fully
6   authorized to settle the matter on any terms and at the Settlement
7   Conference.

8   **MISCELLANEOUS PROVISIONS**

9   The parties are reminded that pursuant to Fed. R. Civ. P.
10  16(b), the Status (pretrial scheduling) Order **shall not be modified**
11  **except by leave of court upon a showing of good cause.** Counsel are
12  cautioned that changes to any of the scheduled dates will
13  necessarily result in changes to all other dates. Thus, even where
14  good cause has been shown, the court will not grant a request to
15  change the discovery cutoff date without modifying the pretrial and
16  trial dates.

17  **Agreement by the parties pursuant to stipulation does not**
18  **constitute good cause. Nor does the unavailability of witnesses**
19  **or counsel, except in extraordinary circumstances, constitute good**
20  **cause.**

21  The parties are reminded of their continuing obligation to
22  supplement their statements relative to the identification of
23  parent corporations and any publicly held company that owns 10% or
24  more of the party's stock within a reasonable time of any change
25  in the information.

26  The parties are admonished that they are not to cite or refer

1    to any of the quotations inscribed in the pavers on the front plaza

2    of the United States Courthouse in any written or oral presentation

3    to the court or a jury.

4         There appear to be no other matters presently pending before

5    the court that will aid the just and expeditious disposition of

6    this matter.

7         IT IS SO ORDERED.

8         DATED:   July 5, 2007.


                                     _____
                                     LAWRENCE K. KARLTON
                                     SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT